NOT DESIGNATED FOR PUBLICATION

No. 121,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDALL RATLIFF,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed May 1, 2020. Reversed and remanded with directions.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Randall Ratliff received probation following his conviction for an aggravated battery offense that he committed in November 2017. After sentencing, Ratliff served two jail sanctions for violating conditions of his probation. Then in June and July 2019, Ratliff committed more violations: he failed to report to his probation officer, to pay court costs, to refrain from drug use, to obtain employment, and to complete a mental-health evaluation. At a hearing in August, Ratliff admitted to some of these violations, and the court found that the State had proved the rest. Ratliff asked the court to impose a 180-day prison sanction for his violations. The court responded that a recently enacted amendment to the statute eliminated the 180-day prison sanction. Ratliff's attorney questioned whether the 2019 amendment applied retroactively, but the court repeated its view that the amendment eliminated the prison sanction. Accordingly,

1

the district court revoked Ratliff's probation and imposed his underlying 21-month prison sentence.

Ratliff appealed. On Ratliff's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). In summary disposition cases like this, the parties do not submit full written briefs. Rather, our review is based "solely on the record that was before the sentencing court." Supreme Court Rule 7.041A(b) (2019 Kan. S. Ct. R. 48). If our review of the record before the district court discloses an error in the decision to revoke Ratliff's probation, we are required to consider this error on appeal.

Ratliff argues that the district court abused its discretion in revoking probation and imposing the underlying prison sentence. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. That happened here. Once a violation has been established, the decision to revoke probation is within the district court's sound discretion. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). But the district court can abuse its discretion in its ruling by committing a legal error. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

K.S.A. 22-3716 sets forth the grounds for revoking probation. The exercise of the district court's discretion is limited to the grounds expressed in the statute. The Legislature amended K.S.A. 22-3716 in 2019. L. 2019, ch. 59, § 10. The amended statute took effect about a month before Ratliff's August 2019 revocation hearing. The issue here is whether the district court abused its discretion in applying the 2019 amended version of the statute in revoking Ratliff's probation.

Under the version of K.S.A. 22-3716 in effect when Ratliff committed his 2017 aggravated battery, the district court had to impose a series of intermediate sanctions

before revoking Ratliff's probation and ordering him to serve his prison sentence. The district court could bypass these sanctions (1) if Ratliff committed a new crime or absconded while on probation, (2) if Ratliff had received probation from a dispositional departure, or (3) if the court stated particular reasons why imposing a sanction would jeopardize public safety or Ratliff's welfare. K.S.A. 2017 Supp. 22-3716(c)(8)-(9). Here, Ratliff did not commit a new crime or abscond while on probation, nor had he received a dispositional departure when originally sentenced. Moreover, the district court failed to make any particularized findings that imposing a 120- or 180-day prison sanction would jeopardize public safety or Ratliff's welfare. See K.S.A. 2017 Supp. 21-3716(c)(9)(A); *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). Thus, if the earlier version of the statute applied, the district court's only option was to impose an intermediate prison sanction. K.S.A. 2017 Supp. 22-3716(c)(1)(E).

On the other hand, if the statute as amended in 2019 applied, the district court would not have been required to impose an intermediate prison sanction before revoking Ratliff's probation. The amended statute eliminated the 120- and 180-day prison sanctions. K.S.A. 2019 Supp. 22-3716(c)(1). Under the amended statute, a district court can revoke probation and impose the underlying sentence if the probationer has already served a two- or three-day jail sanction. K.S.A. 2019 Supp. 22-3716(c)(1)(C). Ratliff had already served intermediate jail sanctions. So if the amended statute applied, the district court was free to revoke probation and order Ratliff to serve his prison sentence.

In resolving which version of K.S.A. 22-3716 applies, our Supreme Court's recent decision in *State v. Coleman*, No. 118,673, 2020 WL 1814334 (Kan. 2020), provides guidance. There, the State contended that a 2017 amendment to K.S.A. 22-3716 applied retroactively to Coleman, who committed his underlying crimes several years before that amendment took effect. But the 2017 amendment had no express retroactivity language. For that reason, the court held that the amendment applied prospectively and could not be applied to probationers like Coleman, who committed their crimes before it took effect.

3

The court remanded the case for a new revocation hearing that applied the law in effect when Coleman committed his crimes. 2020 WL 1814334, at *2-4.

Although our case involves a different amendment to K.S.A. 22-3716, the *Coleman* holding applies with equal force. Like the provision in *Coleman*, the 2019 amendment eliminating the 120- and 180-day prison sanctions has no express retroactivity language. So as in *Coleman*, it applies prospectively only to probationers who committed their underlying crimes after July 1, 2019. Because Ratliff committed his offense in November 2017, the 2017 probation-revocation statute applied. Under that version of the statute, the district court had to impose a 120- or 180-day prison sanction before revoking Ratliff's probation and imposing his underlying prison sentence. Thus, the district court's legal error in applying the wrong version of the statute constitutes an abuse of discretion requiring us to reverse its revocation of Ratliff's probation and remand for a new revocation hearing that applies the law in effect when Ratliff committed his crime in November 2017.

We note that because more than 180 days have passed since the revocation hearing, Ratliff has already served more than the longest sanction that the court could impose under the 2017 statute.

Reversed and remanded with directions.